MARGARETHA H. KUTSCHINSKI, complainant-respondent,

*v.*

HENRIETTA S. SHEFFER et al., defendants-appellants.

[Submitted May 29th, 1931.   Decided February 1st, 1932.]

660

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"The issue presented by the pleadings calls for construction of the will of Gustav M. Kutschinski, deceased. The will was prepared by the testator himself and is inartistic and ungrammatical in structure and contains many misspelled words. Its pertinent clauses are as follows:

" 'First, after my lawful debts are paid, I give, devise and bequeath to my beloved Wife Margaretha Kutschinski nee Meyer all My Estate and Property Real and personal Property Where Soever the Same may be and of Wat Soever kind it May consist of at the time of My dead forever.

" 'Second, but in Case my Wife Margaretha H. Kutschinski gets Married again then She Shall receive only one third (1 3) from my Estate left forever.

" 'Third, And after the decease of My Wife Margaretha H. Kutschinski all My Estate Shall be divided amongst our Children, or their respective heirs Share and Share alike * * *.'

"The first clause standing alone, clearly contains the gift and devise to his wife absolutely and in fee, of the whole of the testator's personal and real estate after the payment of debts. The second clause, however, contains a proviso which conditionally limits said bequest and devise; it is that if his wife shall remarry she shall be entitled to but one-third of his estate 'forever.' It is claimed by the defendants, or some of them, that the effect of the third clause is to further modify the first and second clauses and to reduce the estate in fee given thereby to an estate for life, otherwise the testator's intention said to be expressed in the third clause, that his children should take the property after his wife's death, will be defeated. Of course, the testator's intent should be

gathered from the whole will, but in ascertaining such intent the application of well-established rules of construction must be considered. It is a rule that all words contained in a will must be given effect so far as possible; that doubts must be resolved in favor of the testator having said what he meant and that when words are plain and clear when read in their ordinary sense they must control. To concede the defendants' claim, the word 'forever' as contained in the first and second clauses must be rejected and we must say that the testator did not mean 'forever' in either case, but intended to say 'for life.' The word 'forever' has a plain, legal meaning, and as used by the testator it imports a fee and there is nothing in the will except as contained in the third clause, to indicate that the testator did not use it in its common and general sense. The third clause is in irreconcilable conflict with the first and second clauses, for having by the first and second clauses given to his wife an estate in fee in the whole if she remains unmarried, or in one-third of it in case she remarried, the testator proceeded to make other and further disposition of that which he had previously disposed of. What he had in mind can only be conjectured, but instead of resorting to surmises I am guided by decisions of our courts which settle authoritatively that where a testator has manifested an intent to vest an absolute fee-simple in the first taker, a subsequent limitation thereof is void as inconsistent with the rights of the first taker. *Den* v. *Gifford, 9 N. J. Law* \*46; *Annin's Ex'rs* v. *Vandoren's Admr., 14 N. J. Eq. 135; McClellan* v. *Larchar, 45 N. J. Eq. 17; Rodenfels* v. *Schumann, 45 N. J. Eq. 383; Dodson* v. *Sevars, 52 N. J. Eq. 611; affirmed, 53 N. J. Eq. 347; Tuerk* v. *Schueler, 71 N. J. Law 331; McCloskey* v. *Thorpe, 74 N. J. Eq. 413; Bennelt* v. *Association, &c., for the Friendless, 79 N. J. Eq. 76; Huston* v. *Boyd, 84 N. J. Eq. 107; Henderson* v. *McGowan, 91 N. J. Eq. 359; Brohm* v. *Berner, 95 N. J. Law 85; Galante* v. *Silverstein, 98 N. J. Eq. 52.*

"I must therefore construe the will before me to mean that the complainant, Margaretha H. Kutschinski, shall be

entitled to possession, as owner in fee, of all the estate, personal and real, of which the testator died seized and possessed, subject to being divested in the event of her remarriage of two-thirds thereof. The testator died more than three years ago, said complainant has not remarried and is now nearly seventy-three years of age. As to what shall happen to the two-thirds of the estate in the event of her remarriage, the will is silent and I shall not attempt to indicate its disposition because the event may never happen.

"The defendant's counter-claim for an accounting by the complainant and for the appointment of a receiver will be dismissed and the temporary receiver will be discharged and directed to file his report and account forthwith and to pay over to the complainant, Margaretha H. Kutschinski, such balance as the court may determine remains in his hands after such allowances as the court may make therefrom."

*Messrs. Kelsey & Ludwig,* for the appellants.

*Mr. Ralph E. Lum* and *Mr. Samuel Kalisch, Jr.,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons given in the opinion of Vice-Chancellor Fielder.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, BODINE, DALY, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 12.

*For reversal*—CAMPBELL, CASE, DONGES, JJ. 3.